UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAKHNOZA NURALIEV,                )
a Minor, by her Father             )
and next Friend,                   )
DJAMOLIDDIN NURALIEV,              )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Civil Action No. 06-2044 RMC
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Defendant.                 )
_____)

### JOINT REPORT OF THE PARTIES

In accordance with Local Civil Rule 16.3(c), the parties make the following joint report in this matter:

Plaintiff alleges she was the victim of negligence by one or more employees of the United States National Park Service when she was struck by a tree limb that fell from a tree on National Park Service land. Defendant does not dispute that the tree limb which has been identified as having struck Plaintiff was owned by the United States, but submits that some discovery will be required to assess whether the tree limb struck plaintiff and whether any claimed injuries were the proximate result of the tree limb falling.

The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendant does not anticipate filing a dispositive motion in advance of discovery, but may file such a motion upon completion

of discovery, if no settlement is reached earlier.

(2) The date by which any other party shall be joined or other pleadings amended, and whether some or all the factual or legal issues can be agreed upon or narrowed.

No additional parties need to be joined and the parties do not believe that an amendment of the Complaint is necessary. Should any amendment be needed, it can be completed within 30 days of the entry of a scheduling order.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should be assigned to a magistrate judge for all purposes.

(4) Whether there is a realistic possibility of settling the case.

The parties believe that there is a substantial possibility of settlement in this matter.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties believe that assignment of the matter to a magistrate judge for purposes of ADR would be helpful at this time, and propose a stay of formal discovery during that period of ADR.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

The parties believe that if this matter is to be disposed of through a dispositive motion, the motion should be filed only after a period of discovery, and propose the filing of any such

-2-

motion within 30 days after the completion of discovery. Plaintiff should receive 30 days to oppose any such motion, and Defendant should receive 20 days to file any reply.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree that Fed. R. Civ. P. 26(a)(1) should be followed, except that the date by which the disclosures shall be made should be enlarged up to and including 30 days after the lifting of the stay of discovery proposed herein.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.

The parties propose that the formal discovery period begin only after ADR efforts have been completed and that it be scheduled for a period of 120 days. The parties anticipate needing no more than 25 interrogatories and 7 depositions each.

If discovery proceeds and a protective order is needed consistent with the Privacy Act, 5 U.S.C. § 552a(b)(11), the parties will attempt to reach agreement by stipulation and, if unable to stipulate, a motion will be filed seeking a protective order from the Court.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties propose a schedule that would allow 45 days for plaintiff to designate any such expert witnesses after the

-3-

lifting of the stay of discovery proposed herein, should such designation be deemed necessary; and the parties further propose 45 days after receipt of plaintiff's expert report(s) for defendant to designate any such experts.

(10) In class actions, . . . .

This matter contains no class allegations.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Bifurcation of discovery or trial is not necessary in this action.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties propose to delay the setting of a date for any pretrial conference until after resolution of any dispositive motion.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties propose to set pretrial and trial dates after resolution of any dispositive motion.

-4-

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties are not aware of any additional matters that require inclusion in the scheduling order.

Respectfully submitted,

_/s/ C.W. Cole_
ROGER C. JOHNSON, ESQ.
ANDREW W. COHEN, ESQ.
2001 Pennsylvania Ave., N.W.
Suite 450
Washington, DC 20006
822-1870 or 659-5500

for Plaintiff

_/s/ Jeffrey A. Taylor_
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_/s/ Mark Nebeker_
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
(202) 514-7230
fax: (202) 514-8780

-5-

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHAKHNOZA NURALIEV,
a Minor, by her Father
and next Friend,
DJAMOLIDDIN NURALIEV

Plaintiff(s)

v.                                    Civil Action No. 06-2044 (RMC)

UNITED STATES OF AMERICA

Defendant(s)

## CONSENT TO PROCEED BEFORE
## A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

In accordance with the provisions of 28 U.S.C. § 636(c)(3), the parties to the above-captioned civil matter by and with the advice of their counsel hereby voluntarily waive their rights to proceed before a District Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial.

_____         3/22/07
Attorney for the Plaintiff(s)             Date

_____         3/23/07
Attorney for the Defendant(s)             Date

NOTICE: The foregoing Consent by Counsel shall be accepted upon the understanding that all counsel have secured the consent of their respective clients to the Consent and Referral to a United States Magistrate Judge for all purposes.

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that the above-captioned matter be referred to a United States Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C.§ 636(c)(3) and the foregoing consent of the parties.

_____         _____
United States District Judge              Date

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
       TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE.

CO-942B
Rev 3/95
Rev 7/99