UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SHAKHNOZA NURALIEV, )
   a Minor, by her Father )
   and next Friend, )
DJAMOLIDDIN NURALIEV, )
   )
   Plaintiff, )
   )
   v. ) Civil Action No. 06-2044 RMC
   )
UNITED STATES OF AMERICA, )
   )
   Defendant. )
   )

## STIPULATION OF SETTLEMENT AND DISMISSAL

It is hereby stipulated by and between all parties to this agreement that the above action shall be settled and dismissed upon the terms set forth herein:

1. **Parties**

DJAMOLIDDIN NURALIEV and RUKHMONOVA OZOLA represent and warrant that they are the custodial parents of 8-year-old SHAKHNOZA NURALIEV (born in 1998) and any of her siblings (sometimes collectively referred to herein as Plaintiffs). The United States of America is the Defendant.

2. **Release and Warranty**

DJAMOLIDDIN NURALIEV and RAKHMONOVA OZODA, on behalf of themselves, SHAKHNOZA NURALIEV and any of her siblings, enter into this Stipulation of Settlement and Dismissal in order to make full and final settlement of any and all matters that the family raised or could have raised in the above Civil Action, as well as all other matters related to any injuries that may have resulted from the tree limb that assertedly fell on or near SHAKHNOZA NURALIEV and others on or about February 12, 2006.

Plaintiffs agree to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon the incident alleged in the complaint, including but not limited to the claims asserted in the above Civil Action.

In particular, and without limitation, this Stipulation Of Settlement And Dismissal includes all possible claims for damages, backpay, front pay, loss of earning capacity, medical bills, and equitable relief by Plaintiffs against Defendant. Further, and without limitation, this settlement includes all possible claims for attorneys' fees and costs that Plaintiffs incurred or may incur in connection with this litigation and any other administrative proceeding involving the claims raised or the claims that could have been raised in this Civil Action.

Plaintiffs dismiss, with prejudice, the above Civil Action and all other pending, existing or putative causes of action, charges, complaints, and appeals against Defendant and its employees in any forum, whether administrative or judicial. This Stipulation of Settlement and Dismissal constitutes the full, final, and complete relief that Plaintiffs may have for the conduct alleged in this action.

Plaintiffs agree, on their own behalf and on behalf of their entire family, not to institute any other actions, charges, complaints, appeals, or other proceedings against Defendant or any of Defendant's past or present officers, employees, agents or representatives concerning any matter related in any way to the

allegations alleged in the Complaint in this action. Thus, Plaintiffs release Defendant and its past and present officers, employees, agents, and representatives concerning all matters related to the events alleged in the Complaint.

Plaintiffs warrant that there are no States, Municipalities, private entities or private individuals who have or may have now or in the future any claim or cause of action against the United States (and its agents, servants and employees) arising out of the subject matter of the above-captioned action or any medical care provided to any plaintiff, whether by assignment of plaintiffs' claim(s) or otherwise. Should such claims later arise, Plaintiffs agree to indemnify the defendants for any such action or claim that may be made against the defendant or its agents, servants or employees.

3. <u>Agreement</u>

　　a. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein and further agree that this action shall be and is hereby dismissed.

　　b. Upon approval by the Court of this Stipulation Of Settlement And Dismissal, the United States of America, defendant, agrees to pay to the plaintiffs the sum of fifty six thousand dollars ($56,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

foreseen and unforseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for which Plaintiffs or their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agent, servants, and employees.

    c.  Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the payments by the United States described herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim for wrongful death. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs, any member of Plaintiffs' family, or their heirs,

executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agents, servants, or employees, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. It is also agreed, by and among the Plaintiffs and Defendant that the settlement amount described above represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto. The parties also recognize the limitations on the amount of attorney fees that may be charged in this action, which are set forth in 28 U.S.C. § 2678. Consistent with that provision, plaintiff's attorney's fee will be $14,000.00 (25% of the gross recovery) and litigation costs are $1,733.68. The parties are also in agreement that, in satisfaction of medical and other expenditures estimated by the parents of SHAKHNOZA NURALIEV to be at least $2,066.32, the sum of $2,066.32 shall be paid out of the $56,000.00 settlement amount to SHAKHNOZA NURALIEV's parents, DJAMOLIDDIN NURALIEV and RAKHMONOVA OZODA. These amounts as well as the balance of the settlement amount ($38,200.00) shall be paid as described below.

6. Payment of the attorney's fees and costs will be made

-5-

through Plaintiffs' attorney and may, at defendant's option be directly deposited into a bank account which shall be designated by Plaintiffs' counsel. Plaintiffs and their counsel agree to provide such information as may be needed to effect the payments, including but not limited to the necessary social security numbers or taxpayer identification numbers. Any check for these fees and costs shall be issued to KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT, and ROGER C. JOHNSON, ESQ., and shall be delivered to plaintiff's attorney at the following address:

ROGER C. JOHNSON, ESQ.
ANDREW W. COHEN, ESQ.
2001 Pennsylvania Ave., N.W.
Suite 450
Washington, DC  20006.

Payment of the $2,066.32 may be made by check payable to DJAMOLIDDIN NURALIEV and RAKHMONOVA OZODA or by direct deposit as instructed by Plaintiffs' counsel.

7. The balance of the settlement funds ($38,200.00) shall be transferred by electronic wire transfer to EPS Settlements Group Settlement Trust Account (at UMB Banks, 1670 Broadway, Denver Colorado 80202), out of which Account the following disbursement shall be made by EPS Settlements Group within five business days after EPS Settlement Group receives 1) a notice from its bank that the settlement amount has been received into said company's Trust Account and (2) a legible copy of the birth certificate of SHAKHNOZA NURALIEV:

>      A disbursement to an annuity company or companies, rated at least A+ by A.M. Best rating service, the sum of Thirty-eight Thousand Two Hundred Dollars

-6-

($38,200.00) to purchase the annuity contract described in Paragraph 8, below.

8. The disbursement described above shall be used to purchase an annuity contract to make the following payment to SHAKHNOZA NURALIEV (the "Payee"):

> one $58,916.98 lump sum payment payable on August 5, 2016, which is after the 18th anniversary of the birth of SHAKHNOZA NURALIEV.

The date for the Payment set forth above has been determined based upon the date of birth supplied by Plaintiff's counsel.

In the event of the death of SHAKHNOZA NURALIEV prior to the Payment specified in this paragraph, the payment shall be made to the Estate of SHAKHNOZA NURALIEV on the date that the payment would have been made to her had she survived to receive the payment.

Any annuity contract being purchased pursuant to this Paragraph will be owned solely and exclusively by the United States and will be purchased as soon as practicable following the approval of this Stipulation through EPS Settlements Groups. The parties stipulate and agree that the United States' only obligation with respect to any annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to any annuity contract and any annuity payments upon the purchase of the requisite annuity contract, a

copy of which shall be provided to Plaintiffs through their counsel.

The parties stipulate and agree that the annuity company that issues an annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company issuing the payment.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for the annuity payee specified above, and to notify the annuity company and the United States of the death of the annuity payee specified above within five (5) days of death.

9. The parties further agree that this Stipulation of Settlement and Dismissal may be executed with multiple signature pages and that the signatures, including that of RAKHMONOVA OZODA, may be provided by facsimile or through electronic means to facilitate the prompt filing of the document.

10. Because the minor plaintiff (SHAKHNOZA NURALIEV) will receive no settlement funds until she reaches the age of 18, no

guardianship is required under the applicable provisions of the D.C. Code.

WHEREFORE, upon approval by the Court, this action shall be dismissed with prejudice.

Executed this 18th day of September, 2007.

_____
ROGER C. JOHNSON, ESQ
ANDREW W. COHEN, ESQ.
2001 Pennsylvania Ave., N.W.
Suite 450
Washington, D.C. 20006
822-1870; 659-5500
Counsel for Plaintiffs

Respectfully submitted,

_____
JEFFREY A. TAYLOR,
DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS,
DC Bar #434122
Assistant United States Attorney

_____
DJAMOLIDDIN NURALIEV
Father of SHAKHNOZA NURALIEV

_____
W. MARK NEBEKER,
DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC 20530
514-7230

SEE ATTACHED FAXED PAGE
_____
RAKHMONOVA OZODA
Mother of SHAKHNOZA NURALIEV

SO ORDERED AND APPROVED this 24th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

-10-